# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BAY MARINE SALVAGE
and SERVICES, Limited,[1]

      Plaintiffs,                    CASE NO. 08-CV-11407

*v.*                             DISTRICT JUDGE THOMAS LUDINGTON
                                     MAGISTRATE JUDGE CHARLES BINDER
MOTOR VESSEL 44' EGG HARBOR,
MC 7336 KA, her engines, machinery, tackle,
equipment, freights, gear, furnishings, and
appurtenances, etc., in rem, and
JASON BEDELL, in personam as owner
of Motor Vessel 44' Egg Harbor,[2]

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT
### (Doc. 32)

## I.    RECOMMENDATION

    **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**.

## II.    REPORT

### A.    Background

    By order of U.S. District Judge Thomas L. Ludington, this admiralty and maritime case was referred to the undersigned magistrate judge for general pretrial case management on July 8, 2008.

---

[1]Although the docket indicates that Sara Kathleen Moore is also a Plaintiff, the second verified amended complaint, which governs, removed her from the case.  (Doc. 16.)

[2]Although the docket entry reads "EEG" Harbor, I believe the description of the vessel which reads "Egg" Harbor to be the proper designation.

(Doc. 17.)³  The second amended and verified complaint avers that on June 23, 2007, the 44' Egg Harbor (vessel) collided with a cluster of pilings on the Saginaw River. (Doc. 16 ¶ 8.)  Defendant Jason Bedell (Bedell) then contacted Plaintiff to salvage the partially submerged vessel.  (*Id.* ¶¶ 9-10.)  The pilings had pierced the hull of the wooden vessel causing the bow to be submerged and the stern to be caught up on the pilings.  (*Id.* ¶¶ 10-11.)  Plaintiff informed Bedell that the vessel was unseaworthy and that their services would be a salvage operation.  (*Id.* ¶ 12.)  Bedell requested assistance from Plaintiff and Bedell signed a standard form Yacht Salvage Contract on June 23, 2007, agreeing to compensate Plaintiff for its salvage services on a "No Cure, No Pay" basis.  (*Id.* ¶ 13, Ex. A.)  Plaintiff successfully delivered the salvaged vessel to Skipper Bud's Marina on the Saginaw River in Bay City.  (*Id.* ¶ 15.)  Pursuant to an order entered on October 15, 2008, the vessel is now located at Thomas Marine, Inc.  (Doc. 20.)  Since Bedell did not pay the outstanding bill for Plaintiff's salvage services, Plaintiff filed a Notarized Notice of Claim of Lien on the vessel on November 12, 2007. (Doc. 16 ¶ 18, Ex. B.)

The second amended complaint sets forth three Counts: (I) Foreclosure of a maritime lien for pure voluntary salvage; (II) Foreclosure of a maritime lien for contract salvage; and (III) Claim for salvage against Defendant Jason Bedell in personam.  (Doc. 16.)  Plaintiff seeks entry of a judgment against Bedell, *in personam*, enforcement and foreclosure of the lien and a judgment entered in favor of Plaintiff and against Bedell and the vessel so that the vessel may be sold to pay the outstanding debt incurred for salvage services rendered, i.e., $24,346.08, plus attorney fees, costs, and prejudgment interest. (Doc. 16, Ex. C.)

An Order approving publication of action by Plaintiff was entered on January 8, 2009. (Doc. 25.)  Since Bedell had been properly served process throughout this action yet Bedell failed to

---

³This was the second reference order.

plead or otherwise respond, and since publication seeking any other interested persons had been made, Plaintiff sought a clerk's entry of default and a default was entered on June 11, 2009. (Doc. 31.) Plaintiff now moves for entry of a default judgment. (Doc. 32.) Although Bedell was served with a notice requesting response to the motion for default judgment, Bedell has not responded. (Doc. 34.)[4]

### B.    Default Judgment standards

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, under subsection (a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this step has been fulfilled, then a plaintiff may proceed to request entry of a default judgment under subsection (b) of Rule 55. Entry of default judgment is not appropriate against: (1) minors or incompetent persons who are not represented; (2) some members of the armed services, or (3) officers or agencies of the United States. FED. R. CIV. P. 55(d). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs . . . ." FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

### C.    Analysis and Conclusion

---

[4]The notice indicated that the motion for default judgment would be decided on the pleadings and that no hearing would be held.

As of the time of the filing of the motion for default judgment, Plaintiff sought the amount of the maritime lien ($24, 346.08), $500 to cover the Marshal's expenses relating to the arrest of the vessel, $350 representing the court filing fee, and $113.50 for publication fees paid to the Bay City Democrat and the Bay County Legal News. (Doc. 32 ¶¶ 6-11, Moore Aff., Ex. A.)  Plaintiff requests the default judgment provide Plaintiff "permission to bid its judgment at the U.S. Marshal's sale of the *in rem* Defendant Vessel, for an Order directing the U.S. Marshal to sell the Vessel, and for a default judgment against the *in personam* Defendant Bedell."  (Doc. 32 at 3.)  Plaintiff also asks to "amend or revise the amount...after the Vessel's sale is confirmed by the Court for purposes of awarding Plaintiff . . . its further costs, expenses, including *custodial legis* expenses, U.S. Marshal's fees and commission (if any), as allowed by the Federal Rule of Civil Procedure 54." (Doc. 32 at 6.)

Under Supplementary Rule C governing in *rem actions*, an *in rem* action may be brought to enforce a maritime lien and "[e]xcept as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable." Supp. R. C(1).  Under the Advisory Committee Notes following the rule, "suits for salvage" are expressly noted as one of the types of cases for which a "plaintiff may proceed *in rem* and/or *in personam*."  Plaintiff has also complied with the further provisions of Supplemental Rule C which require an arrest warrant on the vessel, service, and notice by publication.  Supplemental Rule C (3)-(5); Docs. 18, 21, 22, 23, 25, 26, 27.)  No responsive pleadings nor statements of right or interest have been asserted.  Supplemental Rule C (6).  Therefore, I suggest that Plaintiff's motion for default judgment be granted.  *See, Gregory Boat Co. v. The Vessel Big Beaut*, 938 F. Supp. 414, 415 (E.D. Mich. 1996) (granting motion to strike answer and for default judgment where defendant did not file a timely claim under Supplemental Rule C).

## III.  **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


　　　　　　　　　　　　　　　　　　s/ 𝕮harles 𝕰 𝕭inder
　　　　　　　　　　　　　　　　　CHARLES E. BINDER
Dated: September 21, 2009　　　　United States Magistrate Judge


**CERTIFICATION**

**I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: Jason Bedell, 690 Bay Road, Bay City, MI 48706-1933.**

**Date:  September 21, 2009　　　　By＿＿＿s/Patricia T. Morris＿＿＿＿＿＿＿＿**
**　　　　　　　　　　　　　　　　Law Clerk to Magistrate Judge Binder**